UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mauricio E. Weber,<br><br>        Plaintiff,<br><br>v.<br><br>Court of General Sessions; Office of Solicitor for Tenth Judicial Circuit, sued in Official Capacities; J. Cordell Maddox, Jr.; Chrissy T. Adams; Kristin W. Reeves; and Jenn Byford,<br><br>        Defendants. | C/A No. 8:12-36-GRA-JDA<br><br>**REPORT AND RECOMMENDATION** |

Mauricio E. Weber ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee at the Anderson County Detention Center ("ACDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges that Defendants have violated his constitutional rights, and he seeks injunctive and declaratory relief. The Complaint is subject to summary dismissal.

Background

Plaintiff alleges that on August 10, 2010, he was charged in state court with murder and possession of a weapon during the commission of a violent crime based on the accusation that he stabbed his fiancee. Plaintiff alleges that J. Cordell Maddox, Jr., is a state court judge who has been involved in the state criminal proceedings against him. Plaintiff alleges that in his state court criminal case he has had several different attorneys representing him, including Robert A. Gamble and Joy C. Davis. He alleges that Davis filed a motion to be relieved as counsel, which Judge Maddox heard and granted during a November 10, 2011, hearing. Plaintiff seems to allege that Davis' motion to be relieved as counsel was based on Plaintiff's civil action filed in this Court on September 2, 2011, *Weber*

*v. Aiken-Partain*, C/A No. 8:11-2423-GRA-JDA (D.S.C.), wherein Davis is named as a defendant.[1] Plaintiff alleges that during the November 10, 2011, hearing, he requested to represent himself, but that Judge Maddox refused his request and wrongfully appointed him another attorney, Public Defender Christopher Scalzo. Plaintiff alleges that Judge Maddox is attempting to avoid hearing Plaintiff's *pro se* motions. For example, Plaintiff alleges that he filed a motion in the Court of General Sessions for change of venue from state court to federal court, which motion Judge Maddox has not heard. He alleges that Judge Maddox is attempting to "suppress the plaintiff's ability to expose the various conflicts of interests that exist in the case," and that Judge Maddox "wants to control the evidence and information the jury, public and media hears and sees."

Further, Plaintiff alleges that Chrissy T. Adams is the Solicitor for the Tenth Judicial Circuit and that Kristin W. Reeves and Jenn Byford are assistant solicitors for the Tenth Judicial Circuit. Plaintiff alleges that Adams, Reeves, and Byford have refused to provide him exculpatory evidence, including crime scene photographs, sketches, and a photo line-up.

Plaintiff alleges that he is not seeking immediate release from incarceration and that success on the merits in this case will not invalidate the state's prosecution of murder against him. He seeks the following relief: a declaratory judgment that Judge Maddox's denial of Plaintiff's right to self-representation violates the Constitution; a declaration that

---

[1] This Court takes judicial notice that in *Weber v. Aiken-Partain*, C/A No. 8:11-2423-GRA-JDA, Attorney Joy Chavis is a named defendant. It appears that this is the same person referenced in the Complaint in this case as "Joy C. Davis." It is appropriate for this Court to take judicial notice of Plaintiff's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Adams, Reeves, and Byford have violated the Constitution by failing to produce exculpatory evidence; an order to stay the state court criminal proceedings until this case is resolved; an order directing Maddox to permit Plaintiff to represent himself in state court; an order directing Maddox to afford Plaintiff access to a law library or legal materials; and, an order directing the solicitors to produce all exculpatory evidence. Plaintiff also requests an order directing the ACDC to discontinue obstructing, tampering, and delaying incoming and outgoing mail, to provide Plaintiff legal supplies and photocopies, and to create a new mechanism for detainees to order legal supplies.

## Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

"The Supreme Court has repeatedly instructed that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007). Abstention doctrines are rare exceptions to a federal court's duty to exercise the jurisdiction conferred upon it. *Id.* Because the Supreme Court seeks to ensure that abstention is the exception and not the rule, it has instructed the lower courts when abstention is permissible. *Id.* In *Younger v. Harris*, the Supreme Court held that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit

has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). In this case, Plaintiff is clearly involved in an ongoing state criminal proceeding. The second criterion has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also decided the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Here, Plaintiff requests that this Court interfere in the state criminal proceedings by directing the state judge and solicitors to comply with the Constitution in certain respects. This Court finds that Plaintiff should be able to vindicate his federal constitutional rights in the state trial court by continuing to request to represent himself, if appropriate, and continuing to request exculpatory evidence, if appropriate. Also, if Plaintiff is unsuccessful in the trial court, he may pursue those issues on direct appeal in state court. Therefore, this Court should abstain on this § 1983 action.

This action should also be dismissed for failure to state a claim on which relief may be granted because Plaintiff requests certain relief that this Court cannot grant. His requests for this Court to order Judge Maddox to take certain actions in a pending criminal

5

case are in the nature of seeking a writ of mandamus against Judge Maddox. A writ of mandamus is a writ issued by a court to compel performance of a particular act by a lower court. *Black's Law Dictionary*, mandamus (9th ed. 2009). This Court does not have jurisdiction to enter an injunction, or a writ of mandamus, to order a state court judge to take certain actions in a pending criminal case because this Court does not have jurisdiction to grant mandamus relief against state officials or to review state court orders. *See Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969); *In re Payne*, 305 F. App'x 65 (4th Cir. 2008). Similarly, because Adams, Reeves, and Byford are state officials[2], this Court does not have jurisdiction to enter a writ of mandamus to order them to take certain actions.

Further, Plaintiff failed to state a claim on which relief may be granted as to Defendant "Court of General Sessions" because that court is not a person subject to suit under § 1983. In order to state a claim under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"). It is well settled that only persons may act under color of state law, and, therefore, a defendant in a Section 1983 action must qualify as a person. The Court of General Sessions is a building or facility. Inanimate

---

[2] In South Carolina, regional prosecutors are called solicitors and assistant solicitors. Solicitors are elected by voters of a judicial circuit. *See* S.C. Const. Art. V, § 24; S.C. Code Ann. § 1-7-310.

objects such as buildings, facilities, and grounds cannot act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983).

Additionally, Plaintiff's request for a declaratory judgment should not be granted. In the declaratory judgment context, "'... the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.'" *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 296 (4th Cir. 2005) (citation omitted). A district court has discretion to decline to render declaratory relief, for example, where a parallel or related proceeding is pending in state court. *Id.* For a district court to have jurisdiction to issue a declaratory judgment, two conditions must be satisfied: (1) Article III "case or controversy" must be satisfied; and (2) the "prudential" inquiry by the trial court that declaratory relief is appropriate. *White v. National Union Fire Ins. Co.*, 913 F.2d 165, 167 (4th Cir. 1990). In this case, where the state criminal proceeding is pending against Plaintiff in state court, this court should decline to render a declaratory judgment because the "prudential" inquiry is not satisfied.

Finally, Plaintiff's requests for relief against the ACDC fail to state a claim on which relief may be granted because the ACDC is not a party to this lawsuit. Also, the ACDC is not a person subject to suit under § 1983. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983).

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

                                                s/Jacquelyn D. Austin

                                                Jacquelyn D. Austin
                                                United States Magistrate Judge

January 19, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).