UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Mauricio E. Weber,                                ) | |
|                                 ) | C/A No.: 8:12-cv-00036-GRA |
|           Plaintiff,              ) | |
|                                 ) | |
| v.                                                          ) | **ORDER** |
|                                 ) | (Written Opinion) |
| Court of General Sessions; Office of     ) | |
| the Solicitor for the Tenth Judicial       ) | |
| Circuit; Judge J. Cordell Maddox, Jr.; ) | |
| Chrissy T. Adams; Kristin W. Reeves; ) | |
| Jenn Byford                                        ) | |
|                                 ) | |
|           Defendants.       ) | |
| _____) | |

This matter comes before the Court for review of Magistrate Jacquelyn D. Austin's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed on January 19, 2012. Plaintiff filed this action on January 3, 2012, pursuant to 42 U.S.C. § 1983. Under established local procedure in this judicial district, Magistrate Judge Austin made a careful review of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Magistrate Judge Austin recommends that this Court dismiss Plaintiff's Complaint without prejudice and without issuance of service of process. This Court adopts the magistrate's recommendation in its entirety.

## STANDARD OF REVIEW

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.

## OBJECTIONS

In order for objections to be considered by a United States District Judge, the objections must be timely filed and specifically identify the portions of the

Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff filed objections on February 2, 2012. *See* ECF No. 12.

## **DISCUSSION**

Plaintiff is a pretrial state detainee, and was being held at Anderson County Detention Center on state murder charges. Plaintiff filed a sixteen page document with this Court with "objections" that reference the magistrate's Report and Recommendation. Applying the requisite liberal standard to the Plaintiff's *pro se* objections, this Court finds that the Plaintiff filed five specific objections[1] that need

---

[1] Plaintiff objects to the following: (1) Judge Maddox's order appointing Plaintiff an attorney for his state case; (2) Plaintiff wants specific photographs taken at the crime scene and the photo line-up in color; (3) Plaintiff alleges that the third prong of the abstention test is not met because he cannot pursue his federal claims due to a civil conspiracy that creates a conflict with state courts; (4) Plaintiff believes that South Carolina state courts have lost jurisdiction over his case due to a civil conspiracy lawsuit he has filed against various South Carolina entities and officials; (5) Plaintiff concedes that the Court of General Sessions is not subject to suit under § 1983; (6) Plaintiff states

to be addressed. The objections involving the South Carolina Court of General Sessions and the Anderson County Detention Center were correctly considered by the magistrate, and this Court will not address these issues a second time.

### 1. Abstention

Objections 1, 2, and 3 can be dismissed on the abstention doctrine. Plaintiff believes that he cannot receive a fair and impartial trial at the state level because of a civil conspiracy case he filed against various State of South Carolina entities and individuals. The Supreme Court, in *Younger v. Harris,* 401 U.S. 37 (1971), held that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *Id.* at 44; *see also* 28 U.S.C. § 2283. Additionally, in *Cinema Blue of Charlotte, Inc. v. Gilchrist,* the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d 49, 52 (4th Cir. 1989). Further, in *Bonner v. Circuit Ct. of St. Louis*, the Eighth Circuit pointed out that "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." 526 F.2d 1331, 1336 (8th

---

that this Court should grant his declaratory relief because of the civil conspiracy lawsuit; and (7) even though the Anderson County Detention Center is not a party to this action, Plaintiff still thinks

Cir.1975); *see also D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983) (federal courts cannot review state court proceedings in an appellate sense); *Gurley v. Superior Court of Mecklenburg County,* 411 F.2d 586, 587–88 (4th Cir.1969) (federal courts may not issue writs of mandamus against state courts). In the instant case, Plaintiff argues that the conspiracy lawsuit he filed precludes him from receiving a fair and impartial trial at the state level. This Court previously found no reason to believe that the Defendants in this case were knowingly and intentionally conspiring against the Plaintiff. *See Weber v. Aiken-Partain*, No. 11-2423 (D.S.C. Feb. 15, 2012), ECF No. 23. In fact, the civil conspiracy case the Plaintiff filed was dismissed on February 15, 2012. *See id.* Thus, absent the alleged conspiracy, this case does not involve extraordinary circumstances that warrant federal intervention. Further, to grant the injunctive relief Plaintiff seeks, removal from state to federal court, this Court would be required to enjoin the state prosecution, and this is not permitted under *Younger* and its progeny.

Particularly, Objections 1 and 2 are based on actions by state officials regarding Plaintiff's state case. As stated above, this Court cannot get involved in these proceedings. Additionally, in Objection 3, Plaintiff states that the third prong of the abstention test is not met because he cannot pursue his federal claims due to a civil conspiracy that creates a conflict with state courts. The third prong of the

---

that he is entitled to relief against the ACDC.

test to determine when abstention is appropriate is whether there is an adequate opportunity to raise federal claims in state proceedings. *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994). Plaintiff's objection has no basis. First, this Court has found no evidence of a civil conspiracy. Second, this Court agrees with the Report and Recommendation which states "Plaintiff should be able to vindicate his federal constitutional rights in the state trial court by continuing to request to represent himself, if appropriate, and continuing to request exculpatory evidence, if appropriate" and, if not successful, Plaintiff can "pursue those issues on direct appeal in state court." *Report and Recommendation* 5, ECF No. 10. Thus, Objections 1, 2, and 3 are meritless.

### 2. State Court Jurisdiction

In Objections 4 and 6, Plaintiff alleges that, because of the civil conspiracy lawsuit, South Carolina courts have lost jurisdiction over his case. Here, it is clear that a federal court does not have jurisdiction over Plaintiff's case. Plaintiff is being charged in state court for murder. Neither the Constitution nor federal law gives this Court the authority to hear Plaintiff's state murder case at this time. Furthermore, the civil conspiracy that Plaintiff bases his argument on has been dismissed by this Court. *See Weber v. Aiken-Partain*, No. 11-2423 (D.S.C. February 15, 2012), ECF No. 23. Thus, Plaintiff's objections are meritless.

## **CONCLUSION**

After a review of the record, this Court finds that the magistrate's Report

and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is DISMISSED without prejudice and without issuance of service of process.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

April 16, 2012
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.